People v Suero (2018 NY Slip Op 02269)





People v Suero


2018 NY Slip Op 02269


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6151 3331/14 1437/15

[*1]The People of the State of New York, Respondent,
v
Jonathan Suero, Defendant-Appellant.


Gallet Dreyer & Berkey LLP, New York (Roger L. Stavis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered October 12, 2016, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, assault in the first degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 46 years to life, unanimously affirmed.
The People should not have been permitted to introduce, as evidence of defendant's consciousness of guilt, a text exchange the day after the crime in which defendant indicated that he needed money "just in case for a lawyer." This evidence was an improper infringement of defendant's right to counsel (see People v Collins , 140 AD2d 186 [1st Dept 1988]; People v Perez , 90 AD2d 468 [1st Dept 1982]). However, under all the circumstances, including the overwhelming evidence of defendant's guilt, which included the testimony of one of the victims, any error in the admission of the text exchange and related summation comment on it was harmless beyond a reasonable doubt (see People v Crimmins , 36 NY2d 230 [1975]). The circumstantial evidence was compelling, and it led to an inescapable inference that the deceased and surviving victims were shot by defendant, the only other occupant of the car in which the shootings took place.
Defendant did not preserve his challenge to testimony by a prosecution witness about another witness's emotional condition following the shooting, and we decline to review it in the interest of justice. As an alternative holding, we find that the evidence should have been excluded, but that the error was likewise harmless.
The court providently exercised its discretion in denying defendant's mistrial motion based on a portion of the prosecutor's summation that allegedly shifted the burden of proof. This comment was responsive to an argument made in defendant's summation argument. Moreover, when the prosecutor made a similar comment later in the summation, the court sustained defendant's objection and gave an instruction that was
sufficient to prevent either the earlier or later remarks from causing any prejudice. In any event, any error regarding the prosecutor's summation was also harmless.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK